**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

THANE T. NEWTON, ADC #135297                                          PLAINTIFF

v.                                          4:12-cv-00056-JMM-JJV

DOES, Sex Offender Assessment Committee
(SOAC) and Sex Offender Screening and Risk
Assessment (SOSRA); *et al.*                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Before the Court are Plaintiff's two Motions for Leave to File Amended Complaint (Doc. Nos. 30, 32) and Defendants' Motion to Dismiss[1] (Doc. No. 24).  Pursuant to 42 U.S.C. § 1983, Mr. Newton challenges the Level 4 classification assigned to him.  (Doc. Nos. 10, 16.)

## II.   FACTS

Mr. Newton entered a negotiated plea of guilty on January 26, 2006, in the Circuit Court for Washington County, Arkansas, to two counts of sexual abuse in the first degree.  (Doc. No. 28 at 21.) He was sentenced to fifteen years imprisonment.  (*Id.*)

Before being released from prison, Arkansas law required that Mr. Newton be assessed for the potential risk to the community by the Arkansas Department of Correction (ADC) Sex Offender Screening and Risk Assessment Committee[2] (SOSRA).[3]  He was assessed at Level 4, a sexually

---

[1]Only Defendants "Does - SOAC and SOSRA" and Sheri Flynn have been served.  All references to "Defendants" herein apply only to these Defendants.

[2]The SOSRA is a division of the ADC.  *Burchette v. Sex Offender Screening & Risk Assessment Comm.*, 374 Ark. 467, 468, 288 S.W.3d 614, 615 (Ark. 2008).

[3]ARK. CODE ANN. §§ 12-12-907(b)(1) & 12-12-917.

2

violent predator, and was required to register as a sex offender (Doc. No. 10 at 33-53, Doc. No. 25 at 2.)  It is unlawful for a registered sex offender assessed as a Level 3 or 4 offender to reside within two thousand feet of property on which any school, park, youth center or daycare is located.[4]

A sex offender may challenge an assigned risk level by submitting a written request for an administrative review within fifteen days of receipt of the advisement of risk level notification.[5]  If a sex offender is not satisfied with the findings of the administrative review, the sex offender has thirty days from the date of receipt of the findings to file a petition under the Arkansas Administrative Procedure Act for judicial review in the Pulaski County Circuit Court or in the circuit court of the county where the sex offender lives or does business.[6]

According to the Complaint, SOSRA initially assessed Plaintiff at a Level 3 risk.  (Doc. No. 10 at 18.)  Through the administrative process he sought review of the Level 3 assessment to the Sex Offender Assessment Committee[7] (SOAC).  (*Id.* at 20-30.)  By letter dated July 3, 2008, SOAC notified Mr. Newton that his file had been remanded to SOSRA for further evaluation.  (*Id*. at 32.)

On June 15, 2009, Mr. Newton received a letter from SOSRA stating that on reevaluation, he had been assessed at Level 4.  (*Id.* at 33.)  Plaintiff again requested a review by SOAC (*Id.* at 38-42) and the Level 4 classification was upheld.  (*Id.* at 44-53.)

---

[4]ARK. CODE ANN. § 5-14-128(a).

[5]ARK. CODE ANN. § 12-12-922(b).

[6]ARK. CODE ANN. § 12-12-922(b)(7)(A)(ii).

[7]The SOAC is a committee appointed by the governor and charged with "promulgat[ing] guidelines and procedures for the disclosure of relevant and necessary information regarding sex offenders to the public.  *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1012 (8th Cir. 2006)(quoting ARK. CODE ANN. § 12-12-913(c)(1)(a)).  The SOAC is also charged with "[causing] an assessment to be conducted on a case-by-case basis of the public risk posed by a sex offender or sexually violent predator."  ARK. CODE ANN. § 12-12-907(b)(1).

Pursuant to the Arkansas Administrative Procedures Act, Plaintiff filed a Petition for Review with Pulaski County, Arkansas, Circuit Court on April 12, 2010, (Doc. No. 43-1) but it was dismissed as untimely. (*Id.* at 51.) Then Plaintiff filed an appeal with the Arkansas Supreme Court which was affirmed on March 31, 2011. (*Id.* at 52-54.)

In August 2011 Plaintiff filed complaints challenging the SOSRA and SOAC's assessments in the United States District Courts for the Eastern and Western Districts of Arkansas. (Doc. No. 25 at 3.[8]) In the Eastern District, Case No. 4:11cv00612DPM, this Court found that venue properly lay in the Western District of Arkansas and entered an order of dismissal. (Doc. No. 25 at 3.) The Western District of Arkansas court found that venue was improper in Case No. 6:11cv6064RTD/BAB and transferred the case to the Eastern District of Arkansas. On transfer, the matter was reassigned to this Court.

## II.   MOTION TO DISMISS

### A.   Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."[9]  While specific facts are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do."[10]  In order to meet the Rule 8(a) standard and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim

---

[8]*See also Newton v. Sex Offender Assessment Comm. (SOAC) & Sex Offender Screening & Risk Assessment (SOSRA)*, Case Nos. 4:11cv00612DPM (ED/AR) and 6:116064RTD/BAB (WD/AR).)

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[10]*Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

to relief that is plausible on its face."[11]   A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged.[12]   The plausibility standard is not akin to a "probability requirement," but

it asks for more than a sheer possibility that a defendant has acted unlawfully.[13]   Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line

between possibility and plausibility of 'entitlement to relief.' "[14]

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim

on the basis of a dispositive issue of law.[15]   If as a matter of law "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations," a claim must be

dismissed, without regard to whether it is based on an outlandish legal theory or on a close but

ultimately unavailing one.[16]

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all

of the factual allegations contained in the complaint and all reasonable inferences from the complaint

must be drawn in favor of the nonmoving party.[17]   The court reads the complaint as a whole, not

---

[11]*Ashcroft*, 556 U.S. at 678(quoting *Twombly*, 550 U. S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

[12]*Ashcroft*, 556 U.S. at 678(quoting *Twombly*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011).

[13]*Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 556).

[14]*Id.* (quoting *Twombly*, 550 U.S. at 570).

[15]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[16]*Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

[17]*Erickson*, 551 U.S. at 93-94;  *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

parsed piece by piece to determine whether each allegation, in isolation, is plausible. [18]  In addition

to the complaint, the court may consider matters of public record, orders, items appearing in the

record of the case and exhibits attached to the complaint.[19]

## B.   ANALYSIS

### 1.   Rooker-Feldman[20]

The *Rooker-Feldman* doctrine stands for the principle that, with the exception of habeas

corpus petitions, lower federal courts lack subject matter jurisdiction to review a state court

judgment.[21]   Title 28 U.S.C. § 1257 vests such jurisdiction only in the United States Supreme

Court.[22]   The *Rooker-Feldman* doctrine applies only to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."[23]

Mr. Newton lost in a state administrative agency determination.  He has the option of seeking

relief by pursuing a claim in federal court under civil rights legislation, such as 42 U.S.C. § 1983,

---

[18]*Braden*, 588 F.3d at 594.

[19]*See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[20]Defendants raise the *Rooker-Feldman* doctrine as their third ground for dismissal.  (Doc. No. 25, p. 11.)  But because the doctrine is jurisdictional, the Court must address it first.  *See Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000).  If the Rooker-Feldman doctrine applies, then this Court lacks subject matter jurisdiction over this matter.  *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008).

[21]*Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011); *Skit Intern., Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007); *Prince v. Ark. Bd of Exam'rs in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004).

[22]*Skinner v. Switzer*, __ U.S. __, 131 S. Ct. 1289, 1297 (2011); *Skit Intern. Ltd.*, 487 F.3d at 1156.

[23]*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011);  *Robbins* 631 F.3d at 925.

or pursuing his claim in state court.[24]   However, once a party has litigated the matter in state court, the party can not circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action.[25]

The *Rooker-Feldman* doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."[26]   Thus, federal district courts may not exercise jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court.[27]   Federal claims are inextricably intertwined with state court claims if the federal claims can succeed only to the extent the state court wrongly decided the issue before it.[28]   Claims that are separable from and collateral to the merits of the state-court judgment are not precluded under the doctrine.[29]   Furthermore, claims are also not precluded when the plaintiff has not been given a reasonable opportunity to raise his or her federal claims before the state court.[30]

"A claim does not undermine the state court judgment if it merely challenges the constitutionality of a legislative act by a rulemaking body, but if the litigant's interest in having the rule or regulation set aside 'is inseparable from his interest in upsetting a particular state-court judgment based on that rule,' the challenge is no longer independent."[31]   The type of relief the

---

[24]*Prince*, 380 F.3d at 340.

[25]*Robbins*, 631 F.3d at 925; *Prince*, 380 F.3d at 341.

[26]*Lemonds*, 222 F.3d at 492.

[27]*Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003); *Lemonds*, 222 F.3d at 492-93.

[28]*Robbins*, 631 F.3d at 925; *Ballinger*, 322 F.3d at 549.

[29]*Prince*, 380 F.3d at 341.

[30]*Prince*, 380 F.3d at 341; *Riehm v. Engelking*, 538 F.3d 952, 964-65 (8th Cir. 2008).

[31]*Prince*, 380 F.3d at 341 (quoting *Lemonds*, 222 F.3d at 495).

litigant seeks may indicate whether or not the claim is in fact a challenge to the rule or to the actual judgment.[32]  When a litigant seeks only a declaration that the procedures are inadequate, then the challenge is separable.[33]  Conversely, if the party is seeking monetary damages for the application of the rule already challenged in state court, the challenge is not separable.[34]

After careful review, the Court finds that Mr. Newton's cause of action is not barred.  Although he attempted to do so, he has not litigated the merits in state court.  Mr. Newton failed to file a timely petition for judicial review with the circuit court and, as a result, the circuit court never obtained jurisdiction to entertain or rule on any substantive grounds in his petition.[35]  Thus, his claims regarding the assessment of his notification level are not barred by the *Rooker-Feldman* doctrine.

## 2. *Res Judicata*

Defendants also seek dismissal pursuant to the doctrine of *res judicata*.  Federal courts must give state court judgments the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered.[36]  Prior state court judgments are given preclusive effect even in later filed § 1983 actions.[37]  Federal courts, therefore, must examine state

---

[32]*Prince*, 380 F.3d at 341.

[33]*Id.*; *Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997).

[34]*Prince*, 380 F.3d at 341; *Van Harkent*, 103 F.3d at 1349.

[35]*See Ark. State Univ. v. Prof'l Credit Mgmt.*, 2009 Ark. 153, *2-3 , 299 S.W.3d 535, 536 (Ark. 2009); *Barnett v. Howard*, 363 Ark. 150, 155, 211 S.W.3d 490, 493 (Ark. 2005).

[36]*Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984); *Butler v. City of North Little Rock, Ark.*, 980 F.2d 501, 503 (8th Cir. 1992).

[37]*Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996).

law to determine whether preclusion applies.[38]

As Defendants note, under Arkansas law the doctrine of *res judicata* includes issue preclusion and claim preclusion.[39]  Issue preclusion, also called collateral estoppel, bars relitigation of issues that were litigated by the parties in a previous suit.[40]  The following four elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment.[41]

Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action against the defendant on the same claim.[42]  Claim preclusion also requires that four elements be met.  They are: (1) the first suit resulted in a judgment on the merits; the first suit was based upon proper jurisdiction; (2) the first suit was fully contested in good faith; (3) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (4) both suit involve the same parties or their privies.[43]

In assessing the Defendants' *res judicata* argument, the Court finds the question turns on whether dismissal of Plaintiff's untimely petition was a decision on the merits.  Citing *Mills v. Des*

---

[38]*Butler*, 980 F.2d at 503.

[39]*Ark. Judicial Discipline & Disability Comm'n v. Proctor*, 2010 Ark. 38, 47, 360 S.W.3d 61, 92 (Ark. 2010); *Huffman v. Alderson*, 355 Ark. 411, 414, 983 S.W.2d 899, 901 (Ark. 1998).

[40]*Ark. Judicial Discipline & Disability Comm'n* , 2010 Ark. at 47, 360 S.W.3d at 92; *Huffman*, 335 Ark. at 415, 983 S.W.2d at 901.

[41]*Ark. Judicial Discipline & Disability Comm'n*, 2010 Ark. at 47, 360 S.W.3d at 92.

[42]*McWhorter v. McWhorter*, 2009 Ark. 458, 9, 344 S.W.3d 64, 70 (Ark. 2009); *Huffman*, 335 Ark. at 415, 983 S.W.2d at 901.

[43]*Swofford v. Stafford*, 295 Ark. 433, 434, 748 S.W.2d 660, 661 (Ark. 1988).

*Arc Convalescent Home,*[44] Defendants believe the state matter was decided on the merits.  In *Mills,* following the dismissal of the plaintiff's Title VII complaint as untimely, the plaintiff filed a 42 U.S.C. § 1981 complaint.[45]  The defendants sought dismissal under *res judicata* and the district court agreed.[46]   On appeal, the United States Court of Appeals for the Eighth Circuit held that the disposition of a Title VII action as untimely was a decision on the merits for purposes of *res judicata*.[47]

While Defendants make a good argument, the Court finds that the holding in *Mills* is distinguishable because the Title VII timely filing requirements are "to be treated as limitations periods for all purposes."[48] Here, filing a petition within thirty days of receipt of the SOAC's written findings is a "precondition" to obtaining judicial review by a circuit court of the SOAC's findings.[49] And "dismissal for failure to satisfy a precondition [is] not a decision on the merits and [does] not bar a subsequent action on the same claim."[50]

Defendants also argue that *res judicata* applies because Plaintiff could have raised his current claims in either *Newton v. Arkansas Parole Board*, No. 60CV2011-1382, Pulaski County, Arkansas, Circuit Court, Sixth Division, or *Newton v. Arkansas Board of Correction*, No. 30cv-11-2501-1, Hot

---

[44]*Mills v. Des Arc Convalescent Home*, 872 F.2d 823 (8th Cir. 1989).

[45]*Id.* at 825.

[46]*Id.*

[47]*Id.* at 826.

[48]*Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 562 (8th Cir. 1983).

[49]*See* ARK. CODE ANN. § 12-12-922(b)(7)(A)(ii).

[50]*Lindsey v. Green*, 2010 Ark. 118, *11, 369 S.W.3d 1, 7 (Ark. 2010) (citing *Costello v. United States*, 365 U.S. 265 (1961)).

10

Spring County, Arkansas, Circuit Court, Seventh Division.  The Court disagrees.  *Res judicata* is an affirmative defense.[51]  The burden of proving this defense rests with the party asserting it as a bar to litigation in those cases.[52]

Based on the evidence presented, the Court finds that Defendants have failed to meet their burden of proving that Plaintiff's current claims could have been brought in either of his state court cases.  For these reasons, the Court finds that the doctrine of *res judicata* does not bar Plaintiff's claims.

### 3.    Sovereign Immunity

Defendants argue that the doctrine of sovereign immunity bars Plaintiff's claims against SOAC and SOSRA.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[53]  The Eleventh Amendment provides states and state agencies not only with immunity from suits brought by citizens of another state, but also from suits brought by their own citizens. [54]  A state may, however, waive its immunity either by explicitly specifying its intention to subject itself to suit or by voluntarily participating in a federal spending program where Congress expressed a clear intent to condition the receipt of federal funds on a state's consent to waive its sovereign immunity.[55]  The

---

[51]*Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269, 277 (Ark. 2010); *Hall v. Gruber*, 320 Ark. 593, 597, 898 S.W.2d 46, 48 (Ark. 1995).

[52]*Hurst v. Hurst*, 255 Ark. 936, 937, 504 S.W.2d 360, 361 (Ark. 1974); *Hyde v. Taylor*, 235 Ark. 113, 117, 357 S.W.2d 289, 291 (Ark. 1962).

[53]U.S. CONST. amend. XI.

[54]*Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).

[55]*Id.*

11

State of Arkansas has not waived its sovereign immunity.[56]

As noted earlier, the SOAC is a committee appointed by the Arkansas Governor and the SOSRA is a division of the ADC.[57]  The State of Arkansas and its agencies are immune under the Eleventh Amendment from suits under § 1983.[58]  Plaintiff's claims against the SOAC and SOSRA should be DISMISSED because these agencies are immune from suit.[59]

### 4.      Claims for Monetary Relief

Defendants also argue that the doctrine of sovereign immunity bars claims for monetary damages against them in their official capacity.  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state.[60]  As discussed in the previous section, the Eleventh Amendment bars suits against states for monetary damages.[61]  Section 1983 does not override Eleventh Amendment immunity.[62]  The Eleventh Amendment has thus been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity.[63]  The claims for compensatory and punitive damages against Defendants in their

---

[56]*Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).

[57]*See Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1012 (8th Cir. 2006);  ARK. CODE ANN. § 12-12-921; *Burchette.*, 374 Ark. at 468, 288 S.W.3d at 615.

[58]*See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

[59]*See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)(The State and its agencies are immune from money damages claims and claims for injunctive relief.)

[60]*See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[61]*Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).

[62]*Hadley*, 76 F.3d at 1438.

[63]*See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996).

official capacity are barred by the doctrine of sovereign immunity and should, therefore, be dismissed.  The doctrine of sovereign immunity, however, does not bar Plaintiff's claims against the Defendants in their official capacities for injunctive relief.

### 5.    Failure to State a Claim Upon Which Relief May be Granted

Defendants argue that the claims against them (Doc. Nos. 10, 16) should be dismissed because Plaintiff fails to state a claim upon which relief may be granted.  For the following reasons, the Court agrees.

### a.    Due Process

In the Complaint (Doc. No. 10), Plaintiff asserts that his due process rights were violated when the Defendants failed to follow the Arkansas Rules of Evidence during his assessment.  The Due Process Clause of the Fourteenth Amendment has two components, procedural due process and substantive due process.[64]  Procedural due process prohibits the government from depriving an individual of a liberty or property interest, without first providing adequate notice and procedures to contest the deprivation of that interest.[65]  Substantive due process "'protects individual liberty interest against certain government actions regardless of the fairness of the procedures used to implement them.' "[66]

The analysis of either a procedural or substantive due process claim begins with an

---

[64]*Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001); *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999).

[65]*See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) *U.S. v. Smith*, 656 F.3d 821, 828 (8th Cir. 2011).

[66]*Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir. 2007) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

examination of the interest allegedly violated.[67]  Thus, a prerequisite to any due process claim is the possession of a protected life, liberty or property interest.[68]  When no such interest exists, there can be no due process violation.[69]

Plaintiff states the classification results in restrictions on where he may live.  (Doc. Nos. 2, 28).  And the right to live where one chooses is a liberty interest protected by the Fourteenth Amendment.[70]  Since Plaintiff has shown he had a right to due process, he must then allege facts tending to suggest he was denied that right.[71]

> i.    *Procedural Due Process*

Plaintiff argues the Defendants failed to afford him procedural due process when during his assessment, they relied on hearsay in contradiction to the Arkansas Rules of Evidence.  (Doc. No. 2).  After careful review, the Court finds that the Arkansas Rules of Evidence are not required during a state administrative proceeding.[72]  Thus, as long as it is relevant and probative, hearsay evidence is admissible in an administrative proceeding.[73]

---

[67]*Young*, 244 F.3d at 627; *Singleton*, 176 F.3d at 424.

[68]*Singleton*, 176 F.3d at 424.

[69]*Id.*

[70]*Allgeyer v. State of La.*, 165 U.S. 578, 589 (1897).

[71]*See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999); *Marler v. Mo. State Bd. of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996).

[72]*Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 705-06 (1948) ("administrative agencies, like the Federal Trade Commission have never been restricted by the rigid rules of evidence"); *Whaley v. Gardner*, 374 F.2d 9, 11 (8th Cir. 1967); *Ark. Dep't of Human Servs. v. A.B.*, 374 Ark. 193, 201, 286 S.W.3d 712 (Ark. 2008).

[73]*Richardson v. Perales*, 402 U.S. 389, 410 (1971) (hearsay evidence is admissible under the Administrative Procedure Act and the Social Security Act); *Ark. State Bd. of Nursing v. Long*, 8 Ark. App. 288, 297, 651 S.W.2d 109 (Ark. App. 1983).

ii.      Substantive Due Process

To establish a substantive due process violation, Plaintiff must show that a fundamental right was violated and that the conduct shocks the conscience.[74]   The protections of substantive due process have mainly been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.[75]   Fundamental rights are those liberty interests that are "deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed."[76]   The right to live where one chooses is simply not a fundamental right.[77]   Plaintiff is, therefore, unable to establish a violation of his substantive due process rights.

**b.      Equal Protection Claim**

In his Amended Complaint (Doc No. 16), Plaintiff asserts that the Defendants also violated his rights to equal protection.  The Equal Protection Clause provides that similarly situated persons should be treated alike.[78]   The first step in an equal protection case is determining whether the plaintiff has demonstrated the he was treated differently than others who were similarly situated to

---

[74]*Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012); *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 816 (8th Cir. 2011).

[75]*Albright v. Oliver*, 510 U.S. 266, 272 (1994).

[76]*Washington v. Glucksberg*, 521 U.S. 702, 721 (1997); *see Chavez v. Martinez*, 538 U.S. 760, 775 (1994); *Michael H. v. Gerald D.*, 491 U.S. 110, 121-123 (1989).

[77]*Doe v. Miller*, 405 F.3d 700, 714 (8th Cir. 2005); *Prostrollo v. Univ. of S.D.*, 507 F.2d 775, 781 (8th Cir. 1974).

[78]*See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

15

the plaintiff.[79]   In the absence of a showing that the plaintiff is similarly situated to those who

allegedly received more favorable treatment, a plaintiff will fail to establish a viable equal protection

claim.[80]

Here, Plaintiff fails to show how his equal protection rights were violated.  His broad and

conclusory statements unsupported by factual allegations are not sufficient to support a cause of

action under § 1983.[81]   Plaintiff, thus, fails to plead sufficient facts to suggest that he was denied

equal protection.

### 6.     Plaintiff's Underlying Conviction and Sentence

Defendants note that Plaintiff may be challenging his underlying conviction and sentence.

(Doc. No. 25 at 9-13).  Plaintiff's claims are not clear on this point, but any challenge to his

conviction or sentence should be dismissed.  It is well settled that § 1983 cannot be used to attack

a prisoner's underlying sentence and conviction.  The prisoner must instead file a petition pursuant

to 28 U.S.C. § 2254 for habeas corpus relief.[82]

Furthermore, the United States Supreme Court held that:

[I]n order to recover damages for allegedly unconstitutional conviction or
imprisonment, or for other harm caused by actions whose unlawfulness would render
a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas corpus.

---

[79]*Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 513 U.S. 1185
(1995).

[80]*Id.*

[81]*Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974).

[82]*See Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Wilkinson*, 544 U.S. at 78; *Preiser*, 411
U.S. at 489.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[83]  Plaintiff fails to plead any facts to suggest that his conviction and sentence have been reversed on direct appeal, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus.

## III.   MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT

After the Defendants filed their Motion to Dismiss, Plaintiff filed two Motions for Leave to File an Amended Complaint.  (Doc. Nos. 30, 32.)  In the first Motion, Plaintiff seeks to add a conspiracy to interfere with civil rights claim in violation of 42 U.S.C. § 1985(3).  In the second Motion, Plaintiff seeks to additionally sue the Defendants in their individual capacities.  For the reasons below, the Court finds these Motions should be DENIED.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires.[84]  Despite this liberal standard, parties do not have an absolute right to amend their pleadings.[85]  A court may deny a motion for leave to amend when the amendment would be futile or would cause undue delay or prejudice.[86]  A denial of a motion for leave to amend based on futility means that the amended complaint fails to state a claim.[87]  Thus, amendment should only be permitted if the amended complaint could survive a motion to dismiss pursuant to Federal

---

[83]*See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

[84]Fed. R. Civ. P. 15(a)(2).

[85]*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

[86]*Baptist Health v. Smith*, 477 F.3d at 544; *In re Medtronic Inc., Sec. Litig.*, 618 F. Supp. 2d 1016, 1039 (D. Minn. 2009).

[87]*See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *U.S. ex rel Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001).

Rule of Civil Procedure 12(b)(6).[88]

In the first Motion, Plaintiff asserts that on April 14, 2009, Defendants Sheri Flynn, Mike Wood, Penny Dedmon, Sarah Wilson-Cotton, and three "Does" conspired to elevate him from a Level 3 to a Level 4 with no additional findings of fact or additional evidence. (Doc. No. 30 at 2). He further asserts that these Defendants knowingly and willingly conspired to act maliciously in their assessment. (Doc. No. 28 at 16). In order to show a civil rights conspiracy under § 1985(3), the Plaintiff must prove: (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive him either directly or indirectly of his civil rights; (3) that a conspirator did an act in furtherance of the object fo the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right.[89]

The Court finds that Plaintiff fails to allege any facts to suggest that these Defendants conspired to deprive him of a civil right. A claim of conspiracy requires a showing of specific facts establishing a meeting of the minds among the conspirators.[90] Plaintiff's current assertions are broad and conclusory statements which fail to state a cause of action.[91] Therefore, Plaintiff's first Motion for Leave to File an Amended Complaint (Doc. No. 30) should be DENIED as futile.

The Court also finds that allowing Plaintiff to file an amended complaint to hold the Defendants liable in their individual capacities would be futile. In the section above addressing the

---

[88]*Zutz*, 601 F.3d at 850; *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

[89]*Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

[90]*Crutcher-Sanchez v. County of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012); *Habhab v. Hon*, 536 F.3d 963, 969 (8th Cir. 2008).

[91]*Iqbal*, 556 U.S. at 678; *Zutz*, 601 F.3d at 851.

Motion to Dismiss, the Court found that Plaintiff failed to state claims to suggest that his rights to due process and equal protection were violated. Allowing Plaintiff to amend to hold Defendants liable in their individual capacity fails to cure the defects in his due process and equal protection claims. Granting Plaintiff's second Motion would also be futile and should be DENIED.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion to Dismiss (Doc. No. 24) should be GRANTED and Plaintiff's claims against Does - Sex Offender Assessment Committee and Sex Offender Screening and Risk Assessment, and Sheri Flynn should be DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

2.     Plaintiff's Motions for Leave to File an Amended Complaint (Doc. No. 30, 32) should be DENIED.

3.     All pending motions should be DENIED as moot.[92]

4.     This cause of action should be DISMISSED with prejudice as to all claims and all Defendants.

5.     Dismissal of this action should constitute a "strike" for purposes of 28 U.S.C. § 1915(g).[93]

---

[92]SOSRA members Mike Wood, Penny Dedmon, and Sarah Wilson-Cotton have never been served. Plaintiff seeks to serve them (Doc. No. 26) but, as explained in this opinion, the Court finds that, even if served, Plaintiff fails to state a claim against them upon which relief may be granted.

[93]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as

6.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendation and an accompanying Judgment would not be taken in good faith.

DATED this <u>5th</u> day of December, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).